**THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

FILED-ED4
03 SEP 22 AM 9:05
U.S. DISTRICT COURT

DOCKETED
SEP 23 2003

SUZANNE M. BARTH

Plaintiff,

v.

VILLAGE OF MOKENA, STEPHEN J. POLLAK, CHIEF OF THE VILLAGE OF MOKENA POLICE DEPARTMENT, in his official and individual capacity, DONALD DREESBACH, in his individual capacity.

Defendants.

Case No. 03C 6677

JUDGE LINDBERG

MAGISTRATE JUDGE MASON

Plaintiff Demands Trial By Jury

**COMPLAINT**

Plaintiff SUZANNE M. BARTH, through her counsel, KURTZ LAW OFFICES, LLC, seeks redress against Defendants, VILLAGE OF MOKENA, STEPHEN J. POLLAK, CHIEF OF THE VILLAGE OF MOKENA POLICE DEPARTMENT, in his official and individual capacity, and DONALD DREESBACH, in his individual capacity, for violations of Plaintiff's equal protection and first amendment under the United States Constitution, for gender discrimination and sexual harassment, for creating a hostile work environment, for retaliation, and states as follows:

**Introduction**

1. Plaintiff SUZANNE M. BARTH seeks redress for sexual harassment, gender discrimination, and retaliation by Defendants in violation of her rights of equal protection and free speech under the First and Fourteenth Amendments to the United States Constitution as secured under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and § 1988, 28 U.S.C. § 2201, et seq. Plaintiff also seeks redress for violations of her due process rights against Defendant Village of Mokena Board of Fire and Police Commissioners. Plaintiff BARTH seeks declaratory and injunctive relief as well as damages for her injuries.

1-1

2. Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

**Jurisdiction**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**The Parties**

5. Plaintiff SUZANNE M. BARTH is a resident of Cook County.

6. Defendant VILLAGE OF MOKENA is a municipality incorporated under the laws of the State of Illinois. MOKENA administers itself through departments, one of which is the Police Department.

7. At all relevant times, Defendant MOKENA has been continuously engaged in an industry affecting commerce.

8. At all relevant times, Defendant STEPHEN J. POLLAK, served in the appointed position of Chief of Police. As the Chief of Police, POLLAK has final policy making authority. Defendant POLLAK is sued in his official and individual capacity.

9. Defendant DONALD DREESBACH is employed by the VILLAGE OF MOKENA. At all relevant times Defendant DREESBACH held the rank of sergeant and was one of Plaintiff's direct supervisors. Defendant DREESBACH is sued in his individual capacity.

10. Defendant MOKENA has employed Defendants POLLAK and DREESBACH at all time material hereto. Defendant MOKENA is responsible for the acts of Defendants POLLAK and DREESBACH who were acting within the scope of their employment and pursuant to a policy,

custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

11. Defendants MOKENA and POLLAK are responsible for the acts of Police Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

12. All Defendants have acted under color of state law at all material times hereto.

**Facts Upon Which Plaintiff's Claims Are Based**

13. Plaintiff BARTH was employed by the Village of Mokena with the Police Department from on or about September 18, 1998 through August 23, 2002, when she was constructively discharged.

14. Plaintiff BARTH was the first full-time female police officer for the VILLAGE OF MOKENA Police Department.

15. On a continuing and ongoing basis since September 1998, Plaintiff BARTH was subjected to pervasive verbal and physical sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive, by Defendants because of her gender, and in retaliation for her protests of gender discrimination.

16. Defendant DREESBACH directly engaged the sexual harassment of Plaintiff BARTH.

17. Several Police Department supervisors, including but not limited to DREESBACH, witnessed and/or acknowledged the unwelcome and offensive conduct towards Plaintiff and other women, and failed to take steps reasonably calculated to end the harassment.

18. Defendants contributed to and failed to remedy the hostile work environment.

19. Plaintiff BARTH was subjected to discriminatory and disparate treatment based on her gender, including but not limited to: being denied special assignments, subjected to unwarranted and disproportionate disciplinary action, denied backup, denied compensation for training time that she was entitled to, and treated differently in the terms and conditions of her employment.

20. Plaintiff complained about the hostile work environment and discrimination to supervisors and command staff to no avail.

21. In response to Plaintiff BARTH'S complaints, Defendants retaliated against her.

22. Plaintiff BARTH was subjected to retaliatory treatment in retaliation for her complaints, including but not limited to: being denied special assignments, subjected to unwarranted and disproportionate disciplinary action, denied backup, denied compensation for training time that she was entitled to, being subjected to a continuing and ongoing hostile work environment, and treated differently in the terms and conditions of her employment.

23. Defendants POLLAK and DREESBACH and other supervisors and command staff of the Village of Mokena Police Department created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

24. Defendants MOKENA and POLLAK have a policy and custom of allowing and condoning sexual harassment, failing to respond to complaints, and retaliating against those who complain about unlawful conduct.

25. Defendants MOKENA and POLLAK failed to provide proper training to its managers, supervisors, and employees to prevent sexual harassment. Defendants' failure to train was deliberately indifferent to the rights of employees within their purview.

26. Plaintiff was subjected to discriminatory and retaliatory disciplinary action in September of 2001.

27. Plaintiff was also subject to disproportionate and unwarranted disciplinary action for similar or more egregious transgressions than male officers.

28. Plaintiff was required to furnish documentation and provide details for requested medical time off, unlike similarly situated male officers.

29. As a result of Defendants' conduct, Plaintiff BARTH suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**COUNT I**
**(Plaintiff v. All Defendants)**
**(§ 1983 Violation of Equal Protection)**

30. As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Defendants intentionally subjected Plaintiffs to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

32. Defendants subjected Plaintiff BARTH to discriminatory treatment based on her gender, which includes but is not limited to: being denied special assignments, subjected to unwarranted and disproportionate disciplinary action, denied backup, denied compensation for

training time that she was entitled to, and treated differently in the terms and conditions of her employment.

33. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning sexual harassment and discrimination of women based on their gender.

34. The actions of Defendants against Plaintiff violated her equal protection right to be free from sexual harassment under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

35. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

36. The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for her depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants' conduct;

C. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

E. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

F. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

H. Punitive damages as allowed by law as against Defendants POLLAK and DREESBACH;

I. An award of reasonable attorneys' fees, costs, and litigation expenses; and

J. Such other relief as the Court may deem just or equitable.

**COUNT II**
**(Plaintiff v. All Defendants)**
**(§ 1983 Violation of First Amendment - Retaliation)**

37. As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

38. Defendants intentionally retaliated against Plaintiff for complaining about sexual harassment and discrimination.

39. Defendants' actions reflect a policy, custom, or pattern of official conduct of penalizing individual employees for exercising their right to free speech under the First and Fourteenth Amendments of the United States Constitution.

40. The actions of the Defendants against Plaintiff violated her rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. § 1983.

41. All of Plaintiff's statements addressed constitutionally protected matters of public concern.

42. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured under 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

43. Defendants subjected Plaintiff BARTH to retaliation as a result of her complaints of discrimination and sexual harassment, which includes but is not limited to: being subjected to further harassment, denied special assignments, subjected to unwarranted and disproportionate disciplinary action, denied backup, denied compensation for training time that she was entitled to, subjected to a hostile work environment, and treated differently in the terms and conditions of her employment.

44. The actions of Defendants in intentionally engaging in and condoning sexual harassment and retaliation against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for her depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants' conduct;

C. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

E. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

F. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

H. Punitive damages as allowed by law as against Defendants POLLAK and DREESBACH;

I. An award of reasonable attorneys' fees, costs, and litigation expenses; and

J. Such other relief as the Court may deem just or equitable.

Respectfully submitted:

By: ______________________
One of Plaintiff's Attorneys

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
75 East Wacker Drive, Suite 900
Chicago, Illinois 60601
Phone: 312.952.0712
Facsimile: 312.345.1533

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

03 SEP 22 AM 9:05

# Civil Cover Sheet

U.S. DISTRICT COURT

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

DOCKETED
SEP 2 3 2003

**Plaintiff(s): SUZANNE M. BARTH**

County of Residence: Cook

Plaintiff's Atty: Dana L. Kurtz
Kurtz Law Offices, LLC
75 East Wacker Drive, Suite 900, Chicago, Illinois 60601
312.952.0712

**Defendant(s): VILLAGE OF MOKENA, STEPHEN J. POLLAK, CHIEF OF THE VILLAGE OF MOKENA POLICE DEPARTMENT, in his official and individual capacity, DONALD DREESBACH, in his individual capacity.**

County of Residence: Cook

Defendant's Atty:

03C 6677

---

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

JUDGE LINDBERG

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

MAGISTRATE JUDGE MASON

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **42 U.S.C. 1983**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

**Signature:** [signature]

**Date:** September 19, 2003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of **SUZANNE M. BARTH v. VILLAGE OF MOKENA, ET AL.** FILED-ED4

**Case Number:** 03 SEP 22 PM 6:09

DOCKETED
SEP 2 3 2003

CLERK
U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**PLAINTIFF SUZANNE M. BARTH**

| (A) | | | | | (B) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | | SIGNATURE 03C 6677 | | | | |
| NAME DANA L. KURTZ | | | | | NAME | | | | |
| FIRM KURTZ LAW OFFICES, LLC | | | | | FIRM JUDGE LINDBERG | | | | |
| STREET ADDRESS 75 EAST WACKER DRIVE, SUITE 900 | | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP CHICAGO, ILLINOIS 60601 | | | | | CITY/STATE/ZIP MAGISTRATE JUDGE MASON | | | | |
| TELEPHONE NUMBER (312) 952-0712 | | | | | TELEPHONE NUMBER | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6256245 | | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | YES | X | NO | | MEMBER OF TRIAL BAR? | YES | | NO | |
| TRIAL ATTORNEY? | YES | X | NO | | TRIAL ATTORNEY? | YES | | NO | |
| | | | | | DESIGNATED AS LOCAL COUNSEL? | YES | | NO | |

| (C) | | | | | (D) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| SIGNATURE | | | | | SIGNATURE | | | | |
| NAME | | | | | NAME | | | | |
| FIRM | | | | | FIRM | | | | |
| STREET ADDRESS | | | | | STREET ADDRESS | | | | |
| CITY/STATE/ZIP | | | | | CITY/STATE/ZIP | | | | |
| TELEPHONE NUMBER | | | | | TELEPHONE NUMBER | | | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | | |
| MEMBER OF TRIAL BAR? | YES | | NO | | MEMBER OF TRIAL BAR? | YES | | NO | |
| TRIAL ATTORNEY? | YES | | NO | | TRIAL ATTORNEY? | YES | | NO | |
| DESIGNATED AS LOCAL COUNSEL? | YES | | NO | | DESIGNATED AS LOCAL COUNSEL? | YES | | NO | |

1-3

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

**1. General Information**

Local Rule 83.17 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

**2. Listing of Parties for Whom the Attorney is Appearing**

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, *e.g.*, plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, *e.g.*, all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

**3. Completing Attorney Information**

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

**4. Identification Number**

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

**5. Attorney (A) and Notices**

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to Local Rule 83.15 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, *e.g.*, states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, *e.g.*, attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

**6. Appearances and Trial Bar Membership**

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to Local Rule 83.17, must obtain leave of court to file an appearance.

**7. Designation of Local Counsel**

Pursuant to Local Rule 83.15, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

**8. Parties are Required to Consider Alternative Dispute Resolution**

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

**9. Local Rule 3.2 Requires Notification As To Affiliates**

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.