# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6677 | **DATE** | 2/24/2004 |
| **CASE TITLE** | Suzanne M. Barth vs. Village of Mokena, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Village of Mokena's motion to dismiss (6-1) is denied. Defendant Village of Mokena, Stephen Pollak, and Donald Dreesbach's motion to dismiss count II of plaintiff's complaint (9-1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 20 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUZANNE M. BARTH, )
)
Plaintiff, )
) 03 C 6677
v. )
) Judge George W. Lindberg
VILLAGE OF MOKENA, STEPHEN J. )
POLLAK, CHIEF OF THE VILLAGE OF )
MOKENA POLICE DEPARTMENT, in his )
official and individual capacity, and DONALD )
DREESBACH, in his individual capacity, )
)
Defendants. )

DOCKETED
FEB 25 2004

**MEMORANDUM OPINION AND ORDER**

Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. For the reasons stated below, the motions to dismiss[1] are denied.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, plaintiff was a police officer employed by defendant Village of Mokena from September 18, 1998 to August 23, 2002. During that period, defendant Pollak was the Chief of Police. Defendant Dreesbach was a police sergeant, and was one of plaintiff's supervisors. The complaint alleges that starting in September 1998, plaintiff was subjected to sexual harassment and discrimination. The complaint further alleges that defendants retaliated against plaintiff when she complained about the sexual harassment and discrimination.

---

[1] Defendant Village of Mokena has moved to dismiss the entire complaint; all the defendants have separately moved to dismiss Count II.

On September 22, 2003, plaintiff filed this action under 42 U.S.C. § 1983, alleging that defendants violated her right to equal protection under the Fourteenth Amendment to the United States Constitution (Count I), and that they retaliated against her for exercising her First Amendment rights under the United States Constitution (Count II).

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

Defendant Village of Mokena first argues that plaintiff's Section 1983 claims should be dismissed against it because the complaint fails to adequately allege a basis for municipal liability. A municipal entity cannot be held vicariously liable under Section 1983 through the doctrine of *respondeat superior*. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Such an entity can be sued under Section 1983 only if the constitutional injury was authorized by express policy, authorized through a widespread practice that is so permanent and well-settled as to constitute a custom or usage with the force of law, or caused by a person with final policymaking authority. McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

The complaint alleges that defendants Village of Mokena and Pollak "have a policy and custom of allowing and condoning sexual harassment, failing to respond to complaints, and retaliating against those who complain about unlawful conduct." The complaint further alleges that "[d]efendants' actions reflect a policy, custom, or pattern of official conduct of engaging in

2

and condoning sexual harassment and discrimination of women based on their gender." Finally, the complaint alleges that Pollak has final policymaking authority as Chief of Police, and that he "created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff."

Defendant Village of Mokena argues that such "boilerplate allegations," without additional factual support, are inadequate to withstand a Rule 12(b)(6) motion to dismiss. In support of this argument, Village of Mokena cites Strauss v. City of Chicago, 760 F.2d 765 (7th Cir. 1985) and Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194 (7th Cir. 1985). Village of Mokena's reliance on this 1985 line of authority is misplaced. Over the last eleven years, the United States Supreme Court and the Seventh Circuit have made clear that there is no heightened pleading standard in Section 1983 civil rights cases, and that factual specificity in complaints is not required. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 168 (1993); McCormick, 230 F.3d at 323-25. Plaintiff's allegations are sufficient to place Village of Mokena on notice of her municipal liability claim, and the Village's motion to dismiss on that basis must be denied.

Next, defendants argue that plaintiff's First Amendment retaliation claim should be dismissed because plaintiff's speech did not address a matter of public concern. To state a claim of retaliation based on a First Amendment violation, "'the facts alleged in the complaint must show that (1) the speech in which the plaintiffs engaged was constitutionally protected under the circumstances, and (2) the defendants retaliated against them because of it.'" Delgado v. Jones, 282 F.3d 511, 516 (7th Cir. 2002) (quoting Gustafson v. Jones, 117 F.3d 1015, 1018 (7th Cir. 1997)). A government employee's speech warrants First Amendment protection if it "'addresses a

3

matter of public concern.'" Id. (quoting Connick v. Myers, 461 U.S. 138, 147 (1982)). To determine whether speech addresses a matter of public concern, the court examines the "content, form, and context" of the speech. Id. at 517. Of these factors, content is the most important. Id.

In her complaint, plaintiff alleges that she complained to supervisors and command staff about "the hostile work environment and discrimination." Plaintiff describes this hostile work environment in an earlier paragraph as being created by ongoing incidents of sexual harassment against her. The discrimination about which plaintiff complained included "being denied special assignments, subjected to unwarranted and disproportionate disciplinary action, denied backup, denied compensation for training time that she was entitled to, and treated differently in the terms and conditions of her employment."[2] Plaintiff alleges that defendants retaliated against her in response to these complaints.

Plaintiff argues that her complaint that she was discriminated against by being denied backup raised the issues of officer safety and public safety, both matters of public concern. The court agrees. "[P]olice protection and public safety are generally a matter of public concern." Delgado, 282 F.3d at 517. Moreover, speech related to law enforcement that has an impact on public safety is speech touching on a matter of public concern, even if the speaker was partly motivated by personal concerns. Gustafson v. Jones, 290 F.3d 895, 913 (7th Cir. 2002); Auriemma v. Rice, 910 F.2d 1449, 1460 (7th Cir. 1990). The court concludes that plaintiff has adequately alleged that she engaged in constitutionally protected speech.

---

[2] Defendants observe that the complaint does not explicitly allege that plaintiff complained about a failure to provide backup. However, given that the complaint alleges that plaintiff was discriminated against by being denied backup, and that the subsequent paragraph alleges that plaintiff complained about the discrimination, the court will infer that plaintiff complained about a failure to provide backup.

4

The court observes, however, that plaintiff's complaints of harassment and discrimination that do not relate to public safety do not appear to touch upon a matter of public concern. Sexual harassment and gender discrimination are inherently subjects of public interest. See Marshall v. Allen, 984 F.2d 787, 795 (7th Cir. 1993); Gray v. Lacke, 885 F.2d 399, 411 (7th Cir. 1989). However, speech does not address a matter of public concern if it "'concerns a subject of public interest but the expression addresses only the personal effect upon the employee.'" Button v. Kibby-Brown, 146 F.3d 526, 529-30 (7th Cir. 1998) (quoting Marshall v. Porter County Plan Comm'n, 32 F.3d 1215, 1219 (7th Cir. 1994)).

In this case, plaintiff does not allege that she complained that other women were also experiencing harassment or discrimination. Cf. Kessel v. Cook County, No. 00 C 3980, 2001 WL 826914, at *4-5 (N.D. Ill. July 12, 2001) (in considering proposed amendment to complaint, court found that speech touched matter of public concern where employee filed EEOC charge alleging that employer systemically discriminated against and harassed her and other women). Rather, here plaintiff complained to her supervisors about her own experiences in an effort to get the harassment and discrimination against her to stop. Such speech does not touch upon a matter of public concern. See Gray, 885 F.2d at 411 (employee's complaint to supervisors about sexual harassment against her addressed matter of private concern).

**ORDERED:** Defendant Village of Mokena's Motion to Dismiss [6-1] is denied.
Defendants Village of Mokena, Stephen Pollak, and Donald Dreesbach's Motion to Dismiss
Count II of Plaintiff's Complaint [9-1] is denied.

ENTER:

*George W. Lindberg* (signature)

George W. Lindberg
Senior U.S. District Judge

DATED: FEB 24 2004