Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6677 | **DATE** | 5/7/2004 |
| **CASE TITLE** | Barth vs. Vlg of Mokena et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, defendant Gorman's motion to dismiss plaintiff's complaint pursuant to F.R.C.P. 12(b)(6) is denied. Status hearing set for 6/30/04 is reset to 5/25/04 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAY 10 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 42 |
| | Copy to judge/magistrate judge. | | 5/7/2004 date mailed notice | |
| KF | courtroom deputy's initials | 2004 MAY -7 PM 11:54 | KF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUZANNE M. BARTH </br></br> Plaintiff, </br></br> v. </br></br> VILLAGE OF MOKENA, STEPHEN J. POLLAK, CHIEF OF THE VILLAGE OF MOKENA POLICE DEPARTMENT, in his official and individual capacity, DONALD DREESBACH, in his individual capacity, JOHN GORMAN, in his individual capacity. </br></br> Defendants. | No. 03 C 6677 </br></br> Mag. Judge Michael T. Mason |

DOCKETED
MAY 1 0 2004

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Defendant, Sergeant John Gorman, has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I and II of plaintiff, Suzanne Barth's, complaint. For the reasons stated below, defendant's motion to dismiss is denied.

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *MCM Partners, Inc. v. Andrews-Barlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, plaintiff was a police officer employed by the Village of Mokena from September 18, 1998 to August 23, 2002. During that period, defendant Gorman, a Mokena police sergeant, was one of plaintiff's direct supervisors. The complaint alleges that starting in September, 1998, and continuing until her constructive discharge in August, 2002, plaintiff was subjected

to sexual harassment and discrimination. The complaint further alleges that the sexual harassment and discrimination created a hostile work environment and that all of the defendants contributed to and failed to remedy the hostile work environment. The complaint also alleges that defendant Gorman and the other named defendants retaliated against plaintiff when she complained about the sexual harassment and discrimination.

On September 22, 2003, plaintiff initiated this action pursuant to 42 U.S.C. §1983 by filing a complaint alleging that defendant Village of Mokena, Police Chief Stephen Pollak, and Sergeant Donald Dreesbach violated her right to equal protection under the Fourth Amendment of the United States Constitution (Count I), and that they retaliated against her for exercising her First Amendment rights under the United States Constitution (Count II). Defendant Village of Mokena moved to dismiss plaintiff's entire complaint and the remaining defendants moved to dismiss Count II. The defendants' motions to dismiss were denied on February 24, 2004.

On March 17, 2004, plaintiff filed an amended complaint, which added Sergeant Gorman as an additional defendant and included two additional Title VII counts against the Village of Mokena. Counts I and II of plaintiff's amended complaint are substantially similar to Counts I and II of her original complaint.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must consider "whether relief is possible under any facts consistent with the allegations of plaintiff's complaint." *Pokuta v. Trans World Airlines Inc.*, 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts consistent with the allegations in the complaint that would entitle plaintiff to relief, dismissal under

Rule 12(b)(6) is inappropriate. *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995).

Defendant Gorman argues that Counts I and II should be dismissed as to him because they are barred by the statute of limitations. The applicable statute of limitations for plaintiff's §1983 claims (Counts I and II) is two years. *Licari v. City of Chi.*, 298 F.3d 664, 667-68 (7th Cir. 1998). The Seventh Circuit has repeatedly held that the statute of limitations on these types of claims accrues when the plaintiff knows or has reason to know of the injury which is the basis of her action. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

Gorman was named as a defendant in this case on March 17, 2004[1]. In paragraph 20 of plaintiff's amended complaint, she alleges that "[o]n a continuing and ongoing basis since in or about September, 1998, [plaintiff] was subjected to pervasive verbal and physical sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive, by [d]efendants because of her gender, and in retaliation for her protests of gender discrimination." As to Gorman, individually, plaintiff alleges, *inter alia*, that on February 2, 2002, he "made reference to making homemade mayonnaise and simulated masturbation in front of the plaintiff . . ." Plaintiff further alleges that Gorman "laughed out loud when she told him that was sexual harassment." ¶40. Defendant Gorman, therefore, argues that Counts I and II against him should be dismissed because they are time barred. Gorman argues that plaintiff's claims are time barred because she knew of the injury which is the basis of

---

[1] Gorman's motion to dismiss states that he was not named as a defendant in this case until March 18, 2004. However, the docket sheet indicates that plaintiff's amended complaint adding Gorman as a defendant was filed on March 17, 2004. This one day difference is not material to our opinion.

3

her claims by February 2, 2002, yet did not name Gorman as a defendant until March 17, 2004, more than two years later.

Plaintiff disagrees citing *National Railroad Passengers Corp. v. Morgan* for the proposition that "[a] hostile work environment claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice,'" and therefore, "the entire period of the hostile work environment may be considered by the court for the purposes of determining liability." 536 U.S. 101, 117 (2002). Plaintiff argues that she has alleged acts to support her claims that occurred after March 17, 2002, so even if the statute of limitations began to run at that point, her claims would not be barred.

In his reply, Gorman argues that plaintiff's reliance on *Morgan* is misplaced because *Morgan* addressed a Title VII claim in which the plaintiff sought recovery for racial discrimination. Gorman argues that *Morgan* "did not address the issue of when a sexual harassment claim accrues for the purposes of a 1983 action." While true, defendant failed to address *Hildebrandt v. Illinois Department of Natural Resources*, which found that "the Supreme Court's ruling in [*Morgan*] . . . applies equally to §1983 cases." 347 F.3d 1014, 1036 fn 18 (7th Cir. 2003). The Seventh Circuit in *Hildebrandt* further held that "under *Morgan*, any discrete acts that [plaintiff] alleges occurred outside of the limitations period for §1983 actions are barred, but acts that contribute to a hostile work environment may be considered so long as one of the contributing acts occurred within the limitations period." *Id.*

Plaintiff named Gorman as a defendant on March 17, 2004. Therefore, the applicable statute of limitations began to run on March 17, 2002. Plaintiff alleges harassing and discriminating events that she contends constituted a hostile work

4

environment until she was constructively terminated on August 23, 2002. Allegations from March 17, 2002 until August 23, 2002 fall within the limitations period. Viewing the evidence in the light most favorable to the plaintiff, as we must, plaintiff's complaint alleges acts within the limitations period which she claims contributed to the hostile work environment. Specifically, plaintiff alleges that on April 15, 2002 defendant Gorman participated in a conversation plaintiff found offensive and which she alleges contributed to the hostile work environment. Paragraph 47 of plaintiff's complaint further alleges general conduct by defendant Gorman that she contends contributed to the hostile work environment, which may have occurred within the limitations period. Because plaintiff has alleged at least one act within the limitations period that contributed to the hostile work environment, her claim against Gorman is not time barred. See *Hildebrandt*, 347 F.3d at 1036.

Therefore, defendant Gorman's motion to dismiss Counts I and II of plaintiff's amended complaint is denied.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 7, 2004

5